INHABITANTS OF KITTERY *vs.* CHARLES C. DIXON.

York. Opinion April 14, 1902.

*Insane Hospital.   Commitment.   Certificate.   R. S., c. 143, §§ 13, 21, 34.*

1.  To maintain an action, to recover of a husband expenses paid by the town for the support of his insane wife in the insane hospital, the plaintiff must show that in the commitment to the hospital the requirements of the statute were fully complied with.

2.  The statute requires that "the evidence and certificate of at least two respectable physicians, based upon due inquiry and personal examination of the person to whom insanity is imputed" must be had.

3.  *Held;* that a certificate of the physicians is not enough — they must be examined as witnesses by the municipal officers, and testify from actual examination of the patient.

4.  Where there is no evidence that any physicians gave evidence before the municipal officers, and their certificate does not state that they had made "due inquiry and personal examination of the person," the statute requirement is not complied with; and no action can be maintained.

5. For aught that appears, they may have given their certificate upon hearsay information, and have never seen the patient. In a matter as important as the determination that a person is insane, and depriving such person of his or her liberty, all the investigation and evidence required by the statute should be had before a commitment can legally be ordered, and the record should show it affirmatively. It does not so appear here. The nonsuit was rightly ordered.

Exceptions by plaintiff. Overruled.

This was an action to recover of the defendant money paid by the plaintiffs to the Maine Insane Hospital for the support therein of his wife, an insane person committed to said hospital by the selectmen of said Kittery. It was admitted by defendant that his wife was insane when committed, and that the defendant was then, and is still resident in said Kittery, and that the plaintiffs had paid to said hospital the money sued for.

The plaintiffs put in evidence the following copies of the papers from the selectmen accompanying the commitment and left on file at said hospital relating to said commitment.

Said copies of papers put in evidence were admitted to be true copies of the originals and to have the same effect as evidence as the originals themselves.

The court ordered a nonsuit and the plaintiffs excepted to its ruling.

## STATE OF MAINE.

To the Superintendent of the Maine Insane Hospital:

Whereas, the undersigned, selectmen of the town of Kittery, in the county of York, this day, on complaint to us made, in writing, by (a) Frank E. Rowell, Justice of the Peace, the town of Kittery, in said county, who bears the relationship of ——————— to (b) Amanda Dixon, of said town of Kittery, who therein says that said (b) Amanda Dixon is insane, and is a proper subject for said hospital, made due inquiry into the condition of said (b) Amanda Dixon, and called before us such testimony as was necessary to a full understanding of the case; whereupon it appeared to us that said (b) Amanda Dixon, was insane, and we were of the opinion that the safety and comfort of said (b) Amanda Dixon, and others interested,

would be promoted by a residence in said hospital, and accordingly determined that said (b) Amanda Dixon, be sent forthwith to said Institution.

We therefore certify, that said (b) Amanda Dixon, is insane, and that she was residing, commorant, and found in the town of Kittery, aforesaid, at the time of arrest and examination aforesaid; and you the said superintendent, are hereby ordered and required to receive said (b) Amanda Dixon, into said hospital, and detain her in your care until she shall become of sound mind, or be otherwise discharged by order of law, or by the Superintendent, or Trustees.

Given under our hands, at said Kittery, this fifteenth day of July, in the year of our Lord one thousand eight hundred and eighty-seven.

FRANKLIN H. BOND, ⎱ Selectmen of
MARK C. FERNALD, ⎰   Kittery.

a, Complainant's name.    b, name of person to be committed.

PHYSICIANS' CERTIFICATE OF INSANITY.

We, the undersigned, practicing physicians in the town of Kittery, and State of Maine, have examined into the state of health and mental condition of Mrs. Amanda Dixon, of said town, and we hereby certify that in our opinion she is insane.

W. F. WENTWORTH, M. D.
A. W. JOHNSON, M. D.

Dated Kittery, this 15th day of July, 1887.

A true copy.

Attest,                                    C. F. PERRY, Clerk.

July 15, 1887.

TO THE TRUSTEES OF THE MAINE INSANE HOSPITAL:

The undersigned, selectmen of Kittery, hereby certify that Amanda Dixon, has not property or means sufficient to pay her board at the hospital, or relations liable by law for her support, of sufficient ability to pay the same.

FRANKLIN H. BOND, ⎱ Selectmen of
MARK C. FERNALD, ⎰   Kittery.

*J. M. Goodwin*, for plaintiff.
*S. W. Emery*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, STROUT, JJ.

STROUT, J. Plaintiff claims to recover of defendant a sum of money paid for the support of his wife in the insane hospital. She was committed to that institution by the selectmen of plaintiff town, and her expenses there have been paid by the plaintiff.

Section 21 of c. 143, R. S., provides that a town made chargeable in the first instance and paying for the support of the insane person at the hospital, may recover the amount paid from the insane, if able, or "from persons liable for his support." It is not disputed that defendant, the husband, was under a general liability for the support of his wife. But in the absence of any agreement on his part, or any agency in her commitment, he can only be liable to the town which has paid the bill at the hospital, where the officers of the town have followed the statute in making the commitment.

In this case, two physicians gave a certificate, probably intended to be such as required by § 34 of c. 143, and the municipal officers made inquisition and gave the certificate intended to be such as is mentioned in § 13 of that chapter, all which were forwarded to the insane hospital. But it does not appear in this certificate, that the municipal officers examined any physicians in regard to her condition. Section 34 expressly provides that "in all preliminary proceedings for the commitment of any person to the hospital, the evidence and certificate of at least two respectable physicians, based upon due inquiry and personal examination of the person to whom insanity is imputed, shall be required to establish the fact of insanity, and a certified copy of the physicians' certificate shall accompany the person to be committed." The certificate of the physicians is not enough; they must be examined as witnesses, and testify from actual examination of the patient,—a wise precautionary provision. *Naples* v. *Raymond*, 72 Maine, 213.

Here, there is no evidence that any physicians gave evidence before the municipal officers, nor does the certificate given by the physicians state that they had made "due inquiry and personal examination of the person," as required by statute. For aught that appears they

may have given their certificate upon hearsay information, and have never seen Mrs. Dixon. In a matter as important as the determination that a person is insane, and depriving such person of his or her liberty, all the investigation and evidence required by the statute should be had before a commitment can legally be ordered, and the record should show it affirmatively. It does not so appear here. The commitment, therefore, was unauthorized,—the payment by the town voluntary. From such payment no right of action arises against the defendant. The nonsuit was rightly ordered.

*Exceptions overruled.*